UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SMITH PERCINTHE,

Petitioner,

v.

LISA ANDERSON, Acting Superintendent,

Respondent.

**MEMORANDUM & ORDER**
25-CV-03866 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner Smith Percinthe, who is currently incarcerated at the Eastern New York Correctional Facility, petitions this Court *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 1 (§ 2254 Petition; "Pet.").[1]  Before the Court is Respondent's motion to dismiss for lack of subject-matter jurisdiction. *See* ECF No. 4 (Motion to Dismiss; "Mot.").  For the reasons set forth below, the motion is GRANTED.

## BACKGROUND[2]

On June 10, 2003, Petitioner was convicted of Attempted Sexual Abuse in the First Degree in violation of New York Penal Law § 130.65 in New York Supreme Court, Kings County.  Mot. at 1, 12; Pet. at 1.  Based on that conviction, on June 23, 2003, Petitioner was sentenced to a year and a half to three years' imprisonment, with a maximum expiration date of May 9, 2005.  Mot. at 1, 12; Pet. at 1.  Petitioner did not appeal his conviction or sentence.  *See* Mot. at 1; Pet. at 2.

---

[1]  Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]  The facts herein are drawn from both parties' submissions and public records.

Over 20 years later, Petitioner filed the instant Petition, dated June 21, 2025, challenging his 2003 conviction. *See* Pet. at 1 (listing 2003 conviction as "judgment of conviction you are challenging"). Petitioner, however, is no longer serving his sentence from that conviction, which has fully expired. Instead, he is serving a sentence that began in 2019 in connection with an entirely different conviction for attempted robbery. *See* New York Dep't of Corr. and Cmty. Supervision ("DOCCS") Incarcerated Lookup, available at https://nysdoccslookup.doccs.ny.gov/ (information obtained for DIN # 19-A-3290).[3]

The Court ordered Respondent to address that discrepancy in a letter, *see* September 24, 2025, Text Order, and Respondent filed the instant motion to dismiss for lack of subject-matter jurisdiction, *see* Mot. The Court then ordered Petitioner to respond and "warned that given the procedural history in this case, as described in Respondent's letter, subject-matter jurisdiction appears to be lacking, and without subject-matter jurisdiction, federal courts may not proceed with the case." Oct. 1, 2025, Text Order. In response, Petitioner filed various supplemental submissions, including a request to stay this action pending his exhaustion of "all available remedies in the court of the state" with respect to his current conviction and sentence. ECF No. 6 at 7 (Petitioner's Motion to Stay).

## DISCUSSION

28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Although the "in custody" language encompasses more than just physical

---

[3]      The Court may take judicial notice of a party's DOCCS inmate lookup information. *Johnson v. City of New York*, No. 15-cv-8195, 2017 WL 2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases).

confinement, it requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). A habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* at 492.

If a district court finds that the sentence under attack fully expired before the petitioner filed the habeas petition, the court lacks subject-matter jurisdiction to resolve the petition. *Santagata v. New York*, No. 19-cv-1176, 2019 WL 2162705, at *2 (E.D.N.Y. May 17, 2019) (citing *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (denying certificate of appealability where petitioner was no longer in custody pursuant to the challenged convictions)); *see also Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) ("[T]he 'in custody' language of § 2254(a) is jurisdictional.").

Here, at the time of filing, Petitioner was no longer "in custody" based on his 2003 conviction. Instead, he was in custody for a 2019 attempted robbery conviction. *See* New York Dep't of Corr. and Cmty. Supervision ("DOCCS") Incarcerated Lookup, available at https://nysdoccslookup.doccs.ny.gov/ (information obtained for DIN # 19-A-3290). Even if Petitioner's 2003 conviction contributed to an enhancement of his present sentence, such collateral consequences do not render him "in custody" for his 2003 conviction. *See Maleng*, 490 U.S. at 492. Because Petitioner is not in custody pursuant to the conviction he is challenging in his Petition, the Court dismisses the Petition for lack of subject-matter jurisdiction.

Even if the Court were to construe the Petition as challenging the constitutionality of Petitioner's current sentence based on an enhancement from his allegedly unconstitutional

3

conviction from 2003,[4] that claim would still be unreviewable under § 2254. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). That means that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."[5] *Id.* at 403–04; *see Calaff v. Capra*, 714 F. App'x 47, 49 (2d Cir. 2017) (rejecting habeas petition where petitioner was "in custody pursuant to a 2004 sentence that was enhanced as a result of his earlier, allegedly unconstitutional 1993 conviction").

Finally, to the extent Petitioner seeks to challenge his present conviction or sentence in its own right, his Petition must be denied, as he has failed to exhaust his available state court remedies.[6] *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it

---

[4]    The Court construes a *pro se* petitioner's motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

[5]    In *Coss*, the Supreme Court carved out an exception to this general rule "where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*." 532 U.S. at 404. The Court also explained that "another exception to the general rule . . . might be available" where "a defendant can[not] be faulted for failing to obtain timely review of a constitutional claim." *Id.* at 405. "For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it." *Id.* Or "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* None of these circumstances, however, are present here.

[6]    Petitioner appears to assert that, in light of the Supreme Court's holding in *Erlinger v. United States*, 602 U.S. 821 (2024), his current sentence is unconstitutional because a judge, rather than a jury, made the factual finding that Petitioner had a prior felony conviction. Pet. at 6, 13–14.

appears that . . . the applicant has exhausted the remedies available in the courts of the State.").
On June 17, 2026, the Appellate Division of the New York Supreme Court, Second Department, affirmed the judgment of Petitioner's 2019 conviction and sentence, *see People v. Percinthe*, No. 2019–10324, 2026 WL 1741360 (N.Y. App. Div. June 17, 2026), but Petitioner still must exhaust his claims in the New York Court of Appeals, and there is no indication from this record that he has done so.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court dismisses without prejudice the Petition for a writ of habeas corpus for lack of subject-matter jurisdiction. *See* Pet. The Court therefore GRANTS Respondent's motion to dismiss, *see* Mot., and DENIES Petitioner's motion to stay as moot, *see* ECF No. 6. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment consistent with this Order, mail this Order to Petitioner, note the mailing on the docket, and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 10, 2026

5